# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Federation of Government<br>Employees, AFL-CIO,<br>80 F Street, NW<br>Washington, DC 20001<br><br>         Plaintiff,<br><br>         v.<br><br>Robert L. Wilkie<br>In his official capacity as Secretary of Veterans Affairs<br>U.S. Department of Veterans Affairs<br>810 Vermont Avenue, NW<br>Washington, DC 20420,<br><br>and<br><br>U.S. Department of Veterans Affairs<br>810 Vermont Avenue, NW<br>Washington, DC 20420,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

<u>INTRODUCTION</u>

1. The Federal Service Labor-Management Relations Statute of 1978, codified in Chapter 71 of Title 5, 5 U.S.C. §§ 7101-7135, provides collective bargaining rights to federal employees and governs labor relations in the federal civilian workplace.

2. In 1991, Congress extended these collective bargaining rights to certain medical personnel of the U.S. Department of Veterans Affairs ("VA") Veterans Health Administration ("VHA") appointed under Chapter 74 of Title 38, 38 U.S.C. §§ 7401-7474. 38 U.S.C. § 7422(a). This group of VHA employees consists of the medical and health care providers commonly referred to as "Title 38 employees."

3. The collective bargaining rights of Title 38 employees are subject to three statutory exceptions. 38 U.S.C. §7422(b). Specifically, Title 38 employees may not collectively bargain with respect to "any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation." *Id.*

4. The Secretary ("Secretary") of the VA decides whether a matter or question concerns or arises out of these three exceptions. 38 U.S.C. § 7422(d). However, the Secretary may not exclude matters or questions from collective bargaining that are merely "peripheral" to the three exceptions or "procedural" in nature. *See Nat'l Fed'n of Fed. Employees v. McDonald*, 128 F. Supp. 3d 159, 172 (D.D.C. 2015). Excluding matters from collective bargaining that are merely "peripheral to th[ese] issue[s] (or procedural proposals) risks allowing the exception[s] to swallow the rule, thereby undermining the purpose of the statute itself." *Id.*

5.  The National Veterans Affairs Council ("NVAC") is an independent labor organization within the American Federation of Government Employees, AFL-CIO ("AFGE"). NVAC is composed of AFGE local unions that represent approximately 270,000 bargaining unit employees working at hospitals, benefits offices, cemeteries, and other VA facilities across the United States.  NVAC serves as the exclusive bargaining agent for these local unions and the employees they represent.

6.  On December 15, 2017, the VA notified NVAC of its intention to reopen and renegotiate their existing collective bargaining agreement, dated March 15, 2011 ("VA/AFGE 2011 Master Agreement").  While the Parties were negotiating a successor term agreement, the VA sought determinations from the Secretary declaring that several matters were excluded from collective bargaining under 38 U.S.C. § 7422(b).

7.  On November 18, 2019, the VA issued ten determinations (collectively, the "Determinations") to NVAC, each styled as a "Title 38 Decision Paper" and signed by the Secretary pursuant to his authority under 38 U.S.C. § 7422(d).  True and accurate copies of the Determinations are attached as Exhibits 1-10.

8.  In the Determinations, the Secretary declared the following matters to be excluded from collective bargaining:

    a.  Nine articles in the existing VA/AFGE 2011 Master Agreement;

    b.  Nine articles proposed by NVAC in negotiations for a successor term agreement; and,

    c.  One national grievance filed by NVAC.

9.  Contrary to VA policy, including VA Handbook 5023, Part II (Labor-Management Relations – Title 38) and the VA's "7422 Resolution Process – Timeframes &

Documents" policy, the VA did not provide NVAC with an opportunity to respond to its requests for nine of the ten  Determinations or allow NVAC to provide pre-decisional input for the Secretary's consideration.

10. The failure of an executive agency to comply with internal policies and procedures renders the administrative decision-making process procedurally arbitrary. *Massachusetts Fair Share v. Law Enf't Assistance Admin.*, 758 F.2d 708, 711 (D.C. Cir. 1985) ("It has long been settled that a federal agency must adhere firmly to self-adopted rules by which the interests of others are to be regulated.").

11. Although the Determinations reference various "attachments," purportedly providing factual support for the Secretary's decision to exclude these matters from collective bargaining, the VA failed to provide these attachments to NVAC.  Instead, the Determinations rely entirely on the Secretary's unsupported assertions.

12. Therefore, the Determinations do not constitute the "'reasoned decisionmaking' that is necessary to render . . . construction of the § 7422 exclusions 'permissible' or 'reasonable'"). *Nat'l Fed'n of Fed. Employees v. McDonald*, 128 F. Supp. 3d 159, 172 (D.D.C. 2015).

13. By issuing the Determinations, the Secretary exceeded his authority under 38 U.S.C. § 7422(d) because the matters or questions at issue are merely peripheral to the exceptions or procedural in nature, and therefore, cannot be excluded from collective bargaining. Further, in some instances, the Determinations exceed the Secretary's authority because they affect the collective bargaining rights of non-Title 38 employees.  In other instances, the Determinations conflict with the statutory right of Title 38 employees to be

represented by a representative of their choice in certain disciplinary proceedings. 38

U.S.C. § 7462.

14. Plaintiff brings this action to hold unlawful and set aside the Determinations pursuant to

the Administrative Procedure Act. 5 U.S.C. §§ 706(2)(A) and (C).

## JURISDICTION

15. This court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202; 38 U.S.C.

§§ 7422(b) and (d); and 5 U.S.C. § 701 *et seq. See AFGE Local 446 v. Nicholson*, 475

F.3d 341, 347-350 (D.C. Cir. 2007).

## VENUE

16. Venue lies in this court under 28 U.S.C. § 1391(e)(1) and (2).

## PARTIES

17. Plaintiff AFGE is a national labor organization and unincorporated association having its

headquarters located at 80 F Street, NW, Washington, DC 20001.  AFGE represents

approximately 650,000 federal civilian employees in agencies and departments across the

federal government, including approximately 270,000 employees in the VA through its

bargaining council NVAC.

18. AFGE and its affiliated councils and locals are the certified exclusive representative,

under 5 U.S.C. § 7111, of bargaining unit employees at the VA.

19. AFGE is an exclusive representative of consolidated units in the VA that include Title 38

employees and non-Title 38 employees.

20. Defendant Robert L. Wilkie is the Secretary of the U.S. Department of Veterans Affairs.

He is sued solely in his official capacity.

21. The U.S. Department of Veterans Affairs is a federal agency having its headquarters located at 810 Vermont Avenue, NW, Washington, DC 20420.

FACTS

**The Federal Service Labor-Management Relations Statute ("Chapter 71")**

22. When enacting Chapter 71, Congress explicitly found that labor organizations and collective bargaining are in the public interest. 5 U.S.C. § 7101(a).

23. 5 U.S.C. § 7102, as part of Chapter 71, protects the right of employees to form, join, or assist any labor organization freely and without fear of penalty or reprisal.

**Relevant Provisions of Title 38**

24. 38 U.S.C. § 7421 provides that the Secretary of the VA "shall prescribe by regulation the hours and conditions of employment and leaves of absence of employees listed in [38 U.S.C. § 7421(b)]."

25. 38 U.S.C. § 7421(b) refers to the following Title 38 employees: Physicians, Dentists, Podiatrists, Optometrists, Registered Nurses, Physician Assistants, Expanded-Duty Dental Auxiliaries, and Chiropractors.

26. Employees appointed under 38 U.S.C. § 7401(3) are employed under a combination of Title 5 and Title 38 personnel systems ("hybrid Title 38 employees").

27. 38 U.S.C. § 7422(a) provides: "Except as otherwise specifically provided in this title, the authority of the Secretary to prescribe regulations under section 7421 of this title is subject to the right of Federal employees to engage in collective bargaining with respect to conditions of employment through representatives chosen by them in accordance with chapter 71 of title 5 (relating to labor-management relations)."

28. 38 U.S.C. § 7422(b) provides: "Such collective bargaining . . . in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title."

29. 38 U.S.C. § 7422(c) provides: "For purposes of this section, the term 'professional conduct or competence' means any of the following: (1) Direct patient care. (2) Clinical competence."

30. 38 U.S.C. § 7422(d), provides that "an issue of whether a matter or question concerns or arises out of (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation under this title shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency."

31. The Secretary's authority under Section 7422 does not extend to matters concerning hybrid Title 38 employees.

**VA Policy and Procedure Regarding the Issuance of Determinations Under Section 7422**

32. The VA has established policies and procedures regarding the issuance of determinations under Section 7422 that require the VA to notify and provide NVAC with a pre-decisional opportunity to provide a response and comments concerning the VA's request that a determination be issued under Section 7422.

33. VA Handbook 5023, Part II (Labor-Management Relations – Title 38) establishes "the procedures for handling negotiability and grievability questions when there is an assertion by management that the issue concerns or arises out of professional conduct or

competence, per review, or the establishment, determination, or adjustment of employee compensation." A true and accurate copy of VA Handbook 5023, Part II is attached to this complaint as Exhibit 11.

34. VA Handbook 5023, Part II, Paragraph 5 (Procedures) provides that a "facility director should advise the local union that the [Section 7422] request has been submitted and invite the union to provide input on the issue to the Under Secretary for Health, through the Office of Labor-Management Relations, within ten working days."

35. The VA's "7422 Resolution Process – Timeframes & Documents" policy provides two opportunities for the non-requesting party to provide its position concerning a request for a determination under Section 7422. A true and accurate copy of "7422 Resolution Process – Timeframes & Documents" is attached to this complaint as Exhibit 12.

36. In Stage 2 (VACO Informal Review) of the "7422 Resolution Process – Timeframes & Documents," it provides that "[w]ithin 10 days after receiving the request, opposing party may provide response to VISN and/or VACO LMR."

37. In Stage 3 (Formal 7422 Determination Request) of the "7422 Resolution Process – Timeframes & Documents," it provides that "[w]ithin 20 days after receiving a copy of the formal request, other party submits position paper through VACO LMR."

**Negotiations for a Successor Term Agreement**

38. On April 2, 2019, the VA and NVAC executed a memorandum of understanding containing the ground rules governing negotiations for a successor term agreement.

39. On May 2, 2019, the VA and NVAC exchanged a complete set of initial proposals.

40. In its initial proposals, NVAC proposed contract language for the following articles: Article 52 (Title 38 Advancement), Article 53 (Clinical Research) Article 54 (Title 38

Nurse Pay/Survey), Article 55 (VHA Physician and Dentist Pay), Article 57 (Physical

Standards Board), Article 58 (Professional Standards Board), Article 59 (Proficiency),

Article 60 (Title 38 Representation at Boards or Hearings), and Article 61 (Title 38

Vacancy Announcements).

41. In its initial proposals, the VA proposed contract language for Articles 52 and 53.

42. In its initial proposals, the VA proposed to eliminate the following articles: Articles 54,

55, 57, 58, 59, 60, and 61.

43. On May 28, 2019, the VA and NVAC began in-person negotiations.

**The Determinations**

44. After the start of negotiations, the VA sought determinations from the Secretary that

certain matters contained in the VA/AFGE 2011 Master Agreement, as well as certain

matters raised by NVAC during negotiations for a successor term agreement, were

excluded from collective bargaining under 38 U.S.C. § 7422(b).

45. On November 18, 2019, the VA Office of Labor-Management Relations provided the

Determinations to NVAC.

46. The Determinations were signed by the Secretary on October 25, 2019.

47. The Determinations were not limited to Title 38 employees.

48. As to Article 52 (Title 38 Advancement), the Secretary concluded that existing contract

language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract

language in successor term negotiations were excluded from collective bargaining

because they concerned or arose out of professional conduct or competence, peer review,

and the establishment, determination, or adjustment of employee compensation ("Article

52 Determination"). *See* Exhibit 1.

49. As to Article 53 (Clinical Research), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were excluded from collective bargaining because they concerned or arose out of professional conduct or competence and the establishment, determination, or adjustment of employee compensation. ("Article 53 Determination").  *See* Exhibit 2.

50. As to Article 54 (Title 38 Nurse Pay/Survey), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were excluded from collective bargaining because they concerned or arose out of the establishment, determination, or adjustment of employee compensation. ("Article 54 Determination").  *See* Exhibit 3.

51. As to Article 55 (VHA Physician and Dentist Pay), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were both excluded from collective bargaining because they concerned or arose out of the establishment, determination, or adjustment of employee compensation. ("Article 55 Determination").  *See* Exhibit 4.

52. As to Article 57 (Physical Standards Board), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were both excluded from collective bargaining because they concerned or arose out of professional conduct or competence and peer review. ("Article 57 Determination").  *See* Exhibit 5.

53. As to Article 58 (Professional Standards Board), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed

contract language in successor term negotiations were both excluded from collective bargaining because they concerned or arose out of professional conduct or competence and peer review. ("Article 58 Determination").  *See* Exhibit 6.

54. As to Article 59 (Proficiency), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were both excluded from collective bargaining because they concerned or arose out of professional conduct or competence, peer review, and the establishment, determination, or adjustment of employee compensation. ("Article 59 Determination").  *See* Exhibit 7.

55. As to Article 60 (Title 38 Representation at Boards or Hearings), the Secretary issued two determinations under Section 7422.  One determination, the "Article 60 Determination: Grievance," addressed NVAC's pending national grievance alleging that VA unlawfully repudiated Article 60 on May 21, 2018. *See* Exhibit 8. The other determination addressed NVAC's proposed contract language for Article 60 in successor term negotiations. ("Article 60 Determination: Bargaining").  *See* Exhibit 9.  (collectively, the "Article 60 Determinations").  In the Article 60 Determinations, the Secretary concluded that these matters were excluded from collective bargaining because they concerned or arose out of professional conduct or competence and peer review.  *See* Exhibits 8-9.

56. As to Article 61 (Title 38 Vacancy Announcements), the Secretary concluded that existing contract language in the VA/AFGE 2011 Master Agreement and NVAC's proposed contract language in successor term negotiations were both excluded from collective bargaining because they concerned or arose out of professional conduct or competence and peer review. ("Article 61 Determination").  *See* Exhibit 10.

**Relevant Provisions of the VA/AFGE 2011 Master Agreement**

57. The Duration of Agreement provision states that the VA/AFGE 2011 Master Agreement
   would be implemented and become effective after it had been approved, ratified, signed
   by the Parties, and subjected to Agency head review pursuant to 5 U.S.C. § 7114(c).

58. Eric K. Shinseki, then Secretary of the VA, approved the VA/AFGE 2011 Master
   Agreement, including those articles at issue in the Determinations.

59. The VA/AFGE 2011 Master Agreement remains in effect.

60. Article 52 (Title 38 Advancement) of the VA/AFGE 2011 Master Agreement provides
   procedures concerning the career advancement of Title 38 employees.

61. These terms do not substantively address any matters or concerns relating to  (1)
   professional conduct or competence, (2) peer review, or (3) the establishment,
   determination, or adjustment of employee compensation.

62. Article 53 (Clinical Research) of the VA/AFGE 2011 Master Agreement provides that
   the VA notify NVAC prior to implementation of clinical research impacting employees;
   that participation in research projects be voluntary and that employees receive training
   and instructions concerning research projects; and, that employees may be recognized for
   their participation in research projects.

63. These terms do not substantively address any matters or concerns relating to  (1)
   professional conduct or competence, (2) peer review, or (3) the establishment,
   determination, or adjustment of employee compensation

64. Article 54 (Title 38 Nurse Pay/Survey) of the VA/AFGE 2011 Master Agreement restates
   procedures concerning the mechanics of pay surveys and pay adjustments, as provided in

38 U.S.C. § 7451.  It also restates the premium pay entitlements set forth in 38 U.S.C. § 7453.

65. These terms do not substantively address any matters or concerns relating to  (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation

66. Article 55 (VHA Physician and Dentist Pay) of the VA/AFGE 2011 Master Agreement provides procedures permitting AFGE to access and provide comments concerning salary data.  It also restates pay entitlements set forth in VA Handbook 5007.

67. These terms do not substantively address any matters or concerns relating to  (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation

68. Article 57 (Physical Standards Board) of the VA/AFGE 2011 Master Agreement summarizes agency policy, VA Handbook 5019, Part III, concerning physical standards boards, which are used to examine the physical and mental fitness of certain VA employees.

69. These terms do not substantively address any matters or concerns relating to  (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation

70. Physical standards boards apply to hybrid Title 38 employees.

71. VA Handbook 5019, Part III sets forth agency policy concerning the VA Employee Occupational Health Service and the use of physical standards boards for Title 38 and hybrid Title 38 employees.  A true and accurate copy of VA Handbook 5019, Part III is attached to this complaint as Exhibit 13.

72. Article 58 (Professional Standards Board) of the VA/AFGE 2011 Master Agreement provides that these boards normally review employees on an annual basis and that VA will consider candidates recommended by an AFGE local union to serve on these boards.

73. These terms do not substantively address any matters or concerns relating to (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation.

74. Professional standards boards apply to the hiring and promotion of hybrid Title 38 employees.

75. VA Handbook 5005/92, Part II, Chapter 3, Section C(1)(b) provides that professional standards boards act as agents for the Under Secretary for Health in "matters concerning appointment and advancement of individuals in all hybrid occupations." A true and accurate copy of VA Handbook 5005/92, Part II, Chapter 3 is attached to this complaint as Exhibit 14.

76. The Secretary's authority under Section 7422 does not extend to matters concerning hybrid Title 38 employees.

77. Article 59 (Proficiency) of the VA/AFGE 2011 Master Agreement provides procedures concerning the promotion and performance evaluation process for Title 38 employees. These terms are procedural in nature or peripheral to the exceptions contained in 38 U.S.C. § 7422(b).

78. Article 60 (Title 38 Representation at Boards or Hearings) of the VA/AFGE 2011 Master Agreement provides that a union representative will be allowed to represent Title 38 employees, upon request, in a disciplinary hearing, and that should an employee decline

union representation, a union representative be permitted to attend the disciplinary hearing in an observational capacity.

79. These terms do not substantively address any matters or concerns relating to (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation.

80. Moreover, in disciplinary appeals board proceedings, 38 U.S.C. § 7462(b)(2) provides that a Title 38 employee is "entitled to be represented by an attorney or other representative of the employee's choice at all stages of the case."

81. Title 38 employees have a statutory right to representation at all stages of a disciplinary appeals board proceeding. 38 U.S.C. § 7462(b)(2).

82. In summary review board proceedings, VA Handbook 5021, Part III, Chapter 1, Section 3(d)(5) provides that a probationary Title 38 employees has a right to be "represented by an individual of the employee's choice, provided the choice would not create a conflict of interest." A true and accurate copy of VA Handbook 5021, Part III, Chapter 1, Section 3(d)(5) is attached to this complaint as Exhibit 15.

83. Article 61 (Title 38 Vacancy Announcements) of the VA/AFGE 2011 Master Agreement provides procedures concerning the issuance of vacancy announcements.

84. These terms do not substantively address any matters or concerns relating to (1) professional conduct or competence, (2) peer review, or (3) the establishment, determination, or adjustment of employee compensation

<u>COUNT I</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Failure to Follow Agency Policy and Procedure**

85. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

86. Prior to the issuance of a determination under Section 7422, VA policy requires that the VA notify and provide NVAC with an opportunity to respond to the request and provide input for the Secretary's consideration.

87. The VA did not notify or provide NVAC with a pre-decisional opportunity to respond and provide input for the Secretary's consideration prior to issuing the following:

   a.   Article 52 Determination;

   b.   Article 53 Determination;

   c.   Article 54 Determination;

   d.   Article 55 Determination;

   e.   Article 57 Determination;

   f.   Article 58 Determination;

   g.   Article 59 Determination;

   h.   Article 60 Determination: Bargaining; and,

   i.   Article 61 Determination.

88. The VA provided NVAC with pre-decisional opportunity to respond and provide input for the Secretary's consideration prior to issuing "Article 60 Determination: Grievance" but not "Article 60 Determination: Bargaining."

89. By the conduct set forth in the preceding paragraphs, the Determinations are arbitrary, capricious, and an abuse of discretion in violation of 5 U.S.C. § 706(2)(A).

<u>COUNT II</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 60 Determinations – Not In Accordance With 38 U.S.C. § 7462**

90. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

91. By issuing the Article 60 Determinations applying 38 U.S.C § 7422(b) to matters that do

    not concern or arise out of professional conduct or competence or peer review within the

    meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied

    38 U.S.C. § 7462, which provides that, in disciplinary appeals board proceedings

    concerning a major adverse action arising out of a question of professional conduct or

    competence (38 U.S.C. § 7462(a)(1)), a Title 38 employee is "entitled to be represented

    by an attorney or other representative of the employee's choice at all stages of the case"

    (38 U.S.C. § 7462(b)(2)).

92. By the conduct set forth in the preceding paragraphs, the Article 60 Determinations are

    not in accordance with 38 U.S.C. § 7462.

<u>COUNT III</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 52 Determination**

93. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

94. Existing contract language in Article 52 does not concern or arise out of professional

    conduct or competence, peer review, or the establishment, determination, or adjustment

    of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

95. NVAC's proposed contract language in Article 52 does not concern or arise out of

    professional conduct or competence, peer review, or the establishment, determination, or

adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or
§ 7422(d).

96. By issuing the Article 52 Determination applying 38 U.S.C § 7422(b) to matters that do
not concern or arise out of professional conduct or competence or peer review within the
meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied
38 U.S.C. §§ 7422(b) and (d).

97. By the conduct set forth in the preceding paragraphs, the Article 52 Determination is
arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in
violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT IV</u>

**Violation of the Administrative Procedure Act
5 U.S.C. § 706(2)(A)
Article 53 Determination**

98. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

99. Existing contract language in Article 53 does not concern or arise out of professional
conduct or competence or the establishment, determination, or adjustment of employee
compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

100. NVAC's proposed contract language in Article 53 does not concern or arise out of
professional conduct or competence or the establishment, determination, or adjustment of
employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

101. By issuing the Article 53 Determination applying 38 U.S.C § 7422(b) to matters that do
not concern or arise out of professional conduct or competence within the meaning of 38
U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C.
§§ 7422(b) and (d).

102. By the conduct set forth in the preceding paragraphs, the Article 53 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT V</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 54 Determination**

103. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

104. Existing contract language in Article 54 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

105. NVAC's proposed contract language in Article 59 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

106. By issuing the Article 59 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

107. By the conduct set forth in the preceding paragraphs, the Article 54 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT VI</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 55 Determination**

108. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

109. Existing contract language in Article 55 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

110. NVAC's proposed contract language in Article 55 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

111. By issuing the Article 55 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

112. By the conduct set forth in the preceding paragraphs, the Article 55 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT VII</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 57 Determination**

113. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

114. Existing contract language in Article 57 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

115. NVAC's proposed contract language in Article 57 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

116. By issuing the Article 57 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

117. By the conduct set forth in the preceding paragraphs, the Article 57 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

## COUNT VIII

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 58 Determination**

118. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

119. Existing contract language in Article 58 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

120. NVAC's proposed contract language in Article 58 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

121. By issuing the Article 58 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

122. By the conduct set forth in the preceding paragraphs, the Article 58 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT IX</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 59 Determination**

123. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

124. Existing contract language in Article 59 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

125. NVAC's proposed contract language in Article 59 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

126. By issuing the Article 59 Determination applying 38 U.S.C § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. §§ 7422(b) and (d).

127. By the conduct set forth in the preceding paragraphs, the Article 59 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT X</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 60 Determinations**

128. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

129. Existing contract language in Article 60 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

130. NVAC's proposed contract language in Article 60 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

131. By issuing the Article 60 Determinations applying 38 U.S.C § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. §§ 7422(b) and (d).

132. By the conduct set forth in the preceding paragraphs, the Article 60 Determinations are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT XI</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**
**Article 61 Determination**

133. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

134. Existing contract language in Article 61 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

135. NVAC's proposed contract language in Article 61 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

136. By issuing the Article 61 Determination applying 38 U.S.C § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. §§ 7422(b) and (d).

137. By the conduct set forth in the preceding paragraphs, the Article 61 Determination is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(A).

<u>COUNT XII</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 52 Determination**

138. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

139. Existing contract language in Article 52 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

140. NVAC's proposed contract language in Article 52 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

141. By issuing the Article 52 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

142. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

COUNT XIII

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 53 Determination**

143. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

144. Existing contract language in Article 53 does not concern or arise out of professional conduct or competence or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

145. NVAC's proposed contract language in Article 53 does not concern or arise out of professional conduct or competence or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

146. By issuing the Article 53 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

147. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

COUNT XIV

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 54 Determination**

148. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

149. Existing contract language in Article 54 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

150. NVAC's proposed contract language in Article 59 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

151. By issuing the Article 59 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of the establishment, determination, or adjustment of employee

compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

152. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XV</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 55 Determination**

153. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

154. Existing contract language in Article 55 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

155. NVAC's proposed contract language in Article 55 does not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

156. By issuing the Article 55 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

157. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XVI</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 57 Determination**

158. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

159. Existing contract language in Article 57 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

160. NVAC's proposed contract language in Article 57 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

161. By issuing the Article 57 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

162. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XVII</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 57 Determination – Outside Scope Because Applies to Hybrids**

163. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

164. By issuing the Article 57 Determination applying 38 U.S.C. § 7422(b) to matters that pertain to hybrid Title 38 employees, the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

165. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XVIII</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 58 Determination**

166. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

167. Existing contract language in Article 58 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

168. NVAC's proposed contract language in Article 58 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

169. By issuing the Article 58 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

170. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

## COUNT XIX

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 58 Determination – Outside Scope Because Applies to Hybrids**

171. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

172. By issuing the Article 58 Determination applying 38 U.S.C. § 7422(b) to matters that pertain to hybrid Title 38 employees, the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

173. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

## COUNT XX

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 59 Determination**

174. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

175. Existing contract language in Article 59 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

176. NVAC's proposed contract language in Article 59 does not concern or arise out of professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

177. By issuing the Article 59 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence, peer review, or the

establishment, determination, or adjustment of employee compensation within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

178. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XXI</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 60 Determinations**

179. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

180. Existing contract language in Article 60 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

181. NVAC's proposed contract language in Article 60 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

182. By issuing the Article 60 Determinations applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

183. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

<u>COUNT XXII</u>

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(C)**
**Article 61 Determination**

184. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

185. Existing contract language in Article 61 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

186. NVAC's proposed contract language in Article 61 does not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b) or § 7422(d).

187. By issuing the Article 61 Determination applying 38 U.S.C. § 7422(b) to matters that do not concern or arise out of professional conduct or competence or peer review within the meaning of 38 U.S.C. § 7422(b), the Secretary violated, misinterpreted, and misapplied 38 U.S.C. § 7422(b) and § 7422(d).

188. By the conduct set forth in the preceding paragraphs, the Secretary acted outside the scope of his 38 U.S.C. § 7422(d) authority in violation of 38 U.S.C. § 7422(b), 38 U.S.C. § 7422(d), and 5 U.S.C. § 706(2)(C).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Hold unlawful and set aside the Determinations because they were issued in violation of established agency policy and procedure, and therefore, are arbitrary, capricious, and an abuse of discretion;

2. Hold unlawful and set aside the Determinations because their declarations that the matters at issue concerned professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation are arbitrary, capricious, and an abuse of discretion;

3. Hold unlawful and set aside the Determinations because their declarations that the matters at issue concerned professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation exceeded the Secretary's statutory authority;

4. Hold unlawful and set aside the Determinations because their declarations that the matters at issue concerned professional conduct or competence, peer review, or the establishment, determination, or adjustment of employee compensation are not in accordance with law;

5. Order the Defendants to return to the *status quo ante*; and

6. Grant any other relief which the Court deems proper.

Respectfully submitted,

/s/ Judith Galat
JUDITH GALAT*
Assistant General Counsel, AFGE
American Federation of Government Employees, AFL-CIO
80 F Street, NW
Washington, DC 20001
(202) 639-6424
galatj@afge.org
D.C. Bar #399962

*Lead Counsel


/s/ Thomas P. Dargon, Jr.
THOMAS P. DARGON, JR.*
Staff Counsel, National VA Council
thomas.dargon@afge.org
D.C. Bar #1033645

/s/ Sarah Hasan
SARAH HASAN
Staff Counsel, National VA Council, AFGE
hasans@afge.org
D.C. Bar pending

/s/ Ibidun Roberts
IBIDUN ROBERTS
Supervisory Attorney, National VA Council, AFGE
ibidun.roberts@afge.org
D.C. Bar pending

/s/ Andres M. Grajales
ANDRES M. GRAJALES
Deputy General Counsel, AFGE
grajaa@afge.org
D.C. Bar #476894

Attorneys for AFGE